THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH DANIEL HUDEK IV,<br><br>Defendant. | CASE NO. CR17-0174-JCC<br><br>ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE |

This matter comes before the Court on the Government's motion in limine (Dkt. No. 40). Having considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

Defendant Joseph Daniel Hudek is charged with one count of interfering with a flight crew (Count 1) and four counts of assault within the special aircraft jurisdiction (Counts 2–5). (Dkt. No. 10.) All but the final count represent general intent crimes. (Dkt. No. 45 at 3.) Trial is scheduled to begin February 26, 2015. The Government moves to preclude Hudek's introduction of a mental capacity defense for the general intent crimes (Counts 1–4), to the extent that the defense would be based on voluntary intoxication, diminished capacity, or insanity. (Dkt. No. 40 at 1.) Hudek concedes "that neither voluntary intoxication nor diminished capacity is a defense to general intent crimes." (Dkt. No. 45 at 3.) The availability of an insanity defense remains at issue.

ORDER GRANTING GOVERNMENT'S MOTION
IN LIMINE
CR17-0174-JCC
PAGE - 1

In opposing the Government's motion, Hudek relies exclusively on *U.S. v. Henderson*, 680 F.2d 659, 662 (9th Cir. 1982). *Henderson* followed *U.S. v. Burnim*, 576 F.2d 236 (9th Cir. 1978). In *Burnim*, the Ninth Circuit held that if a defendant was both voluntarily intoxicated and suffered from severe mental illness at the time of the crime, the defendant could still put forth an insanity defense, but only to the extent that incapacitation was the result solely of the mental illness. *Id*. at 237–38.

Hudek consumed marijuana prior to boarding his flight. (Dkt. Nos. 40 at 6, 45 at 2.) He now argues, for purposes of a potential insanity defense for Counts 1–4, that according to *Henderson*, the Government bears the burden at trial to establish whether he, in fact, voluntarily ingested the marijuana. (Dkt. No. 45 at 4.) Hudek also argues that even if the Government shows that he voluntarily ingested it, the Government bears the burden at trial to establish whether the marijuana, rather than an underlying mental disease, incapacitated him. (*Id*.) The law has changed since *Henderson* was decided. At the time, it was the Government's burden to prove sanity. 680 F.2d at 661–62. It is now Hudek's burden to prove insanity, and he must do so "by clear and convincing evidence." 18 U.S.C. § 17; *see U.S. v. Knott*, 894 F.2d 1119, 1122 n.4 (9th Cir. 1990).

Hudek alleges that "an underlying medical condition" may have caused his incapacitation rather than ingestion of marijuana. (Dkt. No. 45 at 5 n. 2.) He further claims that the Government bears the burden of proving that his ingestion of marijuana was voluntary. (*Id*. at 4.) Based on these assertions, Hudek argues that unresolved factual issues remain and the Government's motion should be denied. (*Id*. at 5–6.) But as the Ninth Circuit clarified following *Henderson*, mental illness is not relevant if the defendant was also voluntarily intoxicated at the time he committed a general intent crime. *See Knott*, 894 F.2d at 1122 (mental illness would only be relevant if it "compelled him to drink").

Hudek does not allege that a mental illness compelled him to ingest marijuana prior to boarding his flight, only that mental illness, rather than the marijuana, may have caused his

1  incapacitation. (*See generally* Dkt. No. 45.) Absent a credible allegation that mental illness
2  compelled him to *ingest* the marijuana—and, again, Hudek provides none—there remain no
3  factual issues for trial on this issue based on current law. Therefore, the Court finds the
4  Government's motion should be granted.
5      For the foregoing reasons, the Government's motion in limine (Dkt. No. 40) is
6  GRANTED.  Hudek is precluded from raising a mental capacity defense based on voluntary
7  intoxication, diminished capacity, or insanity as to Counts 1 through 4 of the Indictment.
8      DATED this 2nd day of January 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE